LEMMON, Judge
(concurring).
I agree with affirming the judgment on the principal demand on the basis that plaintiffs appearently did not contract in advance to pay $799.00 for the first examination of their whiplash injuries or to pay total charges of $2,369.00. In the absence of unreasonable behavior by the tort victim in accepting excessive treatment or contracting for excessive charges, the issue of the excessiveness of the doctor’s charges is not between tort victim and tortfeasor. Hillebrandt v. Holsum Bakeries, Inc., supra. However, unlike in Hillebrandt, the trial judge in this case did have the opportunity to deny the doctor his excessive charges, and if the trial judge had dismissed the third party demand, I would vote to reverse and remand.
*559 From the vast number of personal injury-cases which have come before this court, we can take judicial notice that examination charges on the first day of $411.00 and $388.00 for Mr. and Mrs. Dequeant respectively, cannot be supported. The complaints of the plaintiffs could not reasonably justify, as related, to this accident, such tests as tuberculosis, electrocardiogram, blood count, sedimentation rate, stool analysis, urine analysis, serum alkaline phosphate, glticose, serum cholesterol, blood urea nitrogen, creatinine, RA, serology, globulin, albumin, total serum protein, bili-rubin, phosphorous and SGOT. Furthermore, daily examination charges of $46.00 per person for diathermy and a routine followup check on cervical strains cannot be justified, nor can total medical charges of $1,762.00 and $607.00.
The doctor’s treatment and charges were self-evidently excessive and unreasonable. At the trial of the third party demand, evidence can be presented to what the proper treatment and charges should have been for the injuries related to this accident.